By the Court:

Barbour, C.J.
This was an action for a personal injury alleged to have been caused by the negligence of the defendants.
Upon the trial it appeared that the plaintiff, while a passenger in a street railroad car, and standing upon the platform thereof, was struck by a car of the defendants which was being propelled by steam upon a track'crossing that of the street railroad, and thereby was wounded and injured.
Without looking into the facts to see whether there was any actual negligence beyond what may be inferred from this statement, I am of the opinion that a verdict in favor of the plaintiff was justified by the evidence.
Indeed, I see no reason why a railroad company may not, subject, of course, to the particular circumstances appearing in each case, be held liable for negligence in propelling its cars at all, while people are standing upon its track, precisely to the same extent as the owner of an ordinary carnage would be under like circumstances. Indeed, greater care and caution might well be required from the former; as their cars are stopped with difficulty, and cannot be turned out of their course at all.
A railroad company, it is true, is expressly authorized by its charter to run its cars in a particular place. But that right is not exclusive. All other cars, carriages, and persons who are authorized by law to rise the same place, as was the case at the point in question, have precisely the same rights that such company has. As a matter of course, however, let what may be the degree of negligence on the part of the company in such a case, a corresponding degree of care and caution must be exercised by the persons endangered, as, otherwise, the latter will themselves be guilty of negligence, and thereby furnish a good defence to the others.
*329 The defendant objects, also, to the amount of the recovery as excessive.
The evidence shows that the plaintiff, a poor laboring woman, was struck by the car and thrown into the street, and so badly bruised in various parts of her person as to be unable for a long time to go out; that she yet remained, at the time of the trial, wholly unable to perform any work whatever, and still continued to suffer great pain. Several physicians, also, testified that such injuries might become permanent.
"Who can say that all this bodily pain and mental anguish suffered by this woman, together with the loss of her power to obtain a subsistence by her labor, perhaps for life, is over-compensated by a verdict of $1,600 %
The judgment should be affirmed.